# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| THOMAS CHANEY, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 4:11CV715 CAS(ACL) |
| TROY STEELE, | ) ) ) |
| Respondent. | ) ) |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on the Petition of Thomas Chaney for a Writ of Habeas Corpus under 28 U.S.C. § 2254. This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b).

## Procedural History

Chaney is presently incarcerated at Potosi Correctional Center in Mineral Point, Missouri, pursuant to two separate Judgments of the Circuit Court of Warren County, Missouri. See Respt's Ex. A at 49-52. On March 24, 2008, Chaney pled guilty to one count of sexual exploitation of a minor and one count of first-degree child molestation in case number 06BB-CR1082 (hereinafter "Case #1082"), plus a single count of first-degree child molestation in case number 06BB-CR1083 (hereinafter "Case #1083"). Id. at 19-48. The same day of his guilty pleas, Chaney was sentenced to life imprisonment for the single sexual exploitation of a minor charge, and fifteen years imprisonment for each of the child molestation counts; the sentences were ordered to be served concurrently. Id. at 49-52.

In August 2008, Chaney filed a pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence pursuant to Rule 24.035. Respt's Ex. A at 57-62. On November 13, 2008, after appointment of counsel, Chaney filed an Amended Motion to Vacate, Set Aside or Correct Judgment and Sentence. Id. at 63-70. Chaney first argued that he received ineffective assistance of counsel in that plea counsel failed to inform him that his first degree molestation charge in Case #1083 should have been charged as a Class C felony. Id. at 64. Chaney claimed that "[n]o reasonable strategy can account for the failure to inform [him] of the misclassification." Id. at 66. Chaney also alleged that if he had "known that he did not face a possible penalty of consecutive life, fifteen and fifteen year terms if convicted, he would have rejected pleading guilty on all counts and insisted on proceeding to trial." Id. Finally, Chaney argued that no factual basis existed for the charge of Class B felony first degree molestation. Id. at 67-69.

The Motion Court granted relief on Chaney's claim that the first-degree child molestation charge in Case #1083 should have been charged as a Class C felony. Respt's Ex. A at 75-76. The Motion Court resentenced Chaney to seven years imprisonment on that count to be served concurrently with the other sentences. Id. With regard to whether a factual basis existed for Chaney's guilty plea in Case #1083, the Motion Court found "there is no question that Movant committed the offense and that a factual basis existed at the plea." Id. at 74. The Motion Court found Chaney's claim that he would have gone to trial if he had been told the correct range of punishment was "beyond belief." Id. at 75.

Chaney raised a single issue on appeal from the partial denial of post-conviction relief. Respt's Ex. C at 12. Specifically, Chaney argued that "his guilty plea was entered in an unknowing, involuntary, and unintelligent manner in that his attorney was ineffective for failing to inform him that" the first degree molestation offense in Case #1083 should have been charged as a Class C felony instead of a Class B felony. Respt's Ex. D at 1. The Missouri Court of Appeals

found that the Motion Court did not commit any error when it denied Chaney's claim that his guilty plea was entered in an unknowing, involuntary, and unintelligent manner, nor did it err when it denied Chaney's claim that his counsel was ineffective with regard to the misclassification of the First Degree Molestation offense in Case #1083 being charged as a B felony instead of a C felony. Respt's Ex. D at 9; see also Chaney v. State, 323 S.W.3d 836, 838 (Mo. App. E.D. 2010).

On April 20, 2011, Chaney, pro se, filed the instant Petition for a Writ of Habeas Corpus. Chaney raises three grounds for relief. In his **first ground for relief**, Chaney argues that he received ineffective assistance of counsel, because trial counsel failed to investigate Chaney's witnesses, failed to subpoena a witness for trial, and failed to have a trial strategy. [Doc. 1 at 5] In his **second ground for relief**, Chaney argues that the Prosecutor engaged in misconduct when he "tried to take petitioner's right to file a 24.035." [Doc. 1 at 7] In his **third ground for relief**, Chaney contends that newly discovered evidence will "clear him of all charges." [Doc. 1 at 8]

On May 24, 2011, the Warden of the Potosi Correctional Center filed a Response to Order to Show Cause, in which he correctly argues that Chaney's claims are procedurally defaulted and fail on their merits. Chaney filed a reply wherein he argues that the "Child Adv[ocacy] Center's DVD of the victim which is exculpatory evidence [] would have exonerated [him]," [Doc. 11 at 3-4], of the sexual exploitation charge in Case #1082 for which he received the life sentence, id. at 4-7. Chaney further states that he "has demonstrated the Gateway Claim of actual innocence." Id. at 9.

## Discussion

**A.** **Standard of Review**

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

With respect to the "contrary to" language of § 2254(d), a majority of the Supreme Court held that a state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Court] on a question of law," or if the state court "decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 405 (2000). Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." Id. Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 410. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." Id.

### B. Procedural Default

To avoid defaulting on a claim, a petitioner seeking federal habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a

fair opportunity to apply controlling legal principles to the facts bearing on the claim. Wemark v. Iowa, 322 F.3d 1018, 1020–21 (8th Cir. 2003) (internal quotation marks and citations omitted) (quoting Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam) and Anderson v. Groose, 106 F.3d 242, 245 (8th Cir. 1997)). Specifically, a state prisoner must fairly present each of his claims in each appropriate state court before seeking federal habeas review of the claim. Baldwin v. Reese, 541 U.S. 27, 29 (2004). A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition. Wemark, 322 F.3d at 1021 (internal quotation marks omitted) (quoting Joubert v. Hopkins, 75 F.3d 1232, 1240 (8th Cir.1996)). Claims that are not fairly presented to the state courts are procedurally defaulted. See id. at 1022. Absent a showing of cause and prejudice or a miscarriage of justice, a federal habeas court may not reach the merits of a federal constitutional claim procedurally defaulted due to a petitioner's failure to follow applicable state rules in raising the claim in state court. Sawyer v. Whitley, 505 U.S. 333, 338–39 (1992).

Missouri requires the raising of constitutional claims at the first available opportunity. See State v. Wilson, 812 S.W.2d 213, 216 (Mo. Ct. App. 1991), citing State v. Smith, 781 S.W.2d 761, 770 (Mo. banc 1989). Missouri Supreme Court Rule 24.035 "provides the exclusive procedure by which [a] person [convicted of a felony on a plea of guilty] may seek relief." Mo. S. Ct. Rule 24.035(a). The state sentencing court is the proper place to request relief for claims:

> that the conviction or sentence imposed violates the constitution and laws of [Missouri] or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law.

Id.; see also Roberts v. Milburn, 2013 WL 4620614 (E.D. Mo. Aug. 24, 2013). When claims for relief are not presented in a Rule 24.035 motion to a state court, the state court does not have an opportunity to review the claims, therefore a petitioner's failure to present such claims "constitutes default to federal habeas review." Smith v. Groose, 998 F.2d 1439, 1441 (8th Cir. 1993).

Chaney did not raise any of the grounds cited in the instant Petition in his state post-conviction proceedings. Consequently, Chaney's claims are procedurally defaulted.

C. **Actual Innocence**

Claims that have not been fairly presented to the state courts are procedurally defaulted and may not give rise to federal habeas relief unless the petitioner establishes "cause for not presenting the claim on post-conviction appeal and prejudice from the failure, or a fundamental miscarriage of justice-meaning that he is actually innocent." Storey v. Roper, 603 F.3d 507, 523-24 (8th Cir. 2010), citing Schlup v. Delo, 513 U.S. 298, 324 (1995).

In Schlup, the Supreme Court recognized that a habeas petitioner could present a claim of actual innocence as a "gateway" to resurrecting procedurally defaulted claims of constitutional error which occurred in the underlying trial, but "such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." Schlup, 513 U.S. at 324. Petitioners asserting innocence as a gateway to defaulted claims must establish that in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Id. at 327.

The Supreme Court explained in House v. Bell, 547 U.S. 518 (2006), that the Schlup standard "is demanding and permits review only in the 'extraordinary' case. At the same time, though, the Schlup standard does not require absolute certainty about the petitioner's guilt or innocence." House, 547 U.S. at 538 (citations omitted). And more recently in McQuiggin v. Perkins, 133 S.Ct. 1924 (2013), the Supreme Court reaffirmed that "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims (here, ineffective assistance of counsel) on the merits notwithstanding the existence of a procedural bar to relief." McQuiggin, 133 S.Ct. at 1931. The Court further stated that it had "not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence." Id.

Here, the undersigned concludes that Chaney has not made a showing of actual innocence, either as a freestanding claim or as a gateway to excuse his procedural default. Chaney claims that the following new evidence shows he is actually innocent: the DVD of an interview of one of the child victim's at the Child Advocacy Center, as well as a computer and cameras held in the state's evidence. [Doc. 1 at 9] Chaney, however, has not shown that this evidence is new or that it establishes his innocence. Rather, all of this evidence was available at the time of Chaney's guilty plea. [Doc. 9 at 4-5] Further, Chaney's actual innocence claim lacks merit in light of his guilty plea. See Weeks v. Bowersox, 119 F.3d 1342, 1355 (8th Cir. 1997) (Loken, J., concurring) ("[T]here is an inherent paradox in the notion that someone who has stood in open court and declared, 'I am guilty,' may turn around years later and claim that he deserves to pass through the actual innocence gateway."); McCall v. Benson, 114 F.3d 754, 758 (8th Cir. 1997) (even if a prisoner attempted to show actual innocence, "in light of his guilty plea, such an attempt would be unpersuasive.").

Thus, Chaney's grounds for relief cannot be resurrected from procedural default, because there is no new evidence or a credible claim of actual innocence.

D. **Chaney's Claims**

The undersigned has already found that Chaney's grounds for relief are procedurally defaulted. Chaney's grounds for relief also fail on their merits.

1. **Ground One**

In his first ground for relief, Chaney argues that he received "ineffective assistance of trial counsel." The Petition then alleges that "trial counsel" failed to investigate witnesses, failed to subpoena witnesses, and failed to have a trial strategy. [Doc. 1 at 5] This ground for relief is inapplicable to the instant case, because Chaney chose to enter a guilty plea. Furthermore, Chaney fails to provide any specific facts regarding the names of witnesses who were not investigated, who should have been subpoenaed, and why there was any necessity for a trial strategy when he waived his right to a trial by jury and entered guilty pleas.

In Hill v. Lockhart, 474 U.S. 52, 58 (1985), the Supreme Court held that the two-pronged Strickland test applies to challenges to guilty pleas on grounds of ineffective assistance of counsel and that, to prevail, a habeas petitioner must show that his attorney's performance "'fell below an objective standard of reasonableness,'" and that "'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Hill, 474 U.S. at 57, 59 (quoting Strickland v. Washington, 466 U.S. 668, 687-88 (1984)).

In this case, Chaney entered a plea agreement wherein the Prosecutor agreed he would *not file additional charges* concerning the two victims in Case #1082 and Case #1083, *and* he would *not file charges regarding four additional victims*. See Respt's Ex. A at 36-37 (emphasis added). The transcript of Chaney's guilty plea reflects that although his case was scheduled for trial two

days after the plea, Chaney agreed that he had enough time to talk to his lawyer, Respt's Ex. A at 22, that he had no complaints about the way his lawyer handled his case, Id. at 22, 42, and that he understood by pleading guilty he was "giving up [his] right to a trial by jury, to confront [his] accusers and to call in [his] own witnesses," Id. at 23. The Plea Court found there was a factual basis for Chaney's guilty pleas to all three charges, that Chaney understood the nature of the charges, and that Chaney's pleas were "voluntary and unequivocal." Id. at 31, 35.

Based on the fact that Chaney accepted the plea agreement, which included an agreement on the sentences, there was no need for witnesses. The record further reflects that all of the child victims were prepared to testify in the event of a trial. Respt's Ex. A at 38-39. Thus, Chaney has failed to show first, that plea counsel's performance fell below an objective standard of reasonableness; and, secondly, that without the alleged errors by his counsel that there was a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. Accordingly, the undersigned recommends that Chaney's first ground for relief be denied.

**2.    Ground Two**

In his second ground for relief, Chaney argues that the Prosecutor engaged in misconduct when "he tried to take petitioner's rights to file a 24.035." [Doc. 1 at 7]

A defendant may waive post-conviction rights as part of a plea agreement. See United States v. McIntosh, 492 F.3d 956, 959 (8th Cir. 2007). Furthermore, as found by the appellate court in Chaney's state habeas case, "[a] movant can waive his right to seek post-conviction relief in return for a reduced sentence if the record clearly demonstrates that the movant was properly informed of his rights and that the waiver was made knowingly, voluntarily, and intelligently. Jackson v. State, 241 S.W.3d 831, 833 (Mo. App. E.D. 2007)." Respt's Ex. D at 3.

While an individual may waive post-conviction relief rights as a part of a plea agreement,

the Missouri Court of Appeals found that the waiver of Chaney's post-conviction rights was *not* part of the plea agreement, because it did not occur until *after* the plea and sentencing court had accepted Chaney's pleas, sentenced him according to his pleas, and explained his post-conviction rights to him. Respt's Ex. D at 5. The Appellate Court further found that Chaney was not properly informed about the waiver of his post-conviction relief rights and entered into the part of the plea agreement regarding waiving his post-conviction rights without the benefit of counsel. Id. at 6. In light of those findings, the Appellate Court held that Chaney did not knowingly and intelligently waive his post-conviction rights. Id.

Chaney's claim that the Prosecutor engaged in misconduct lacks merit, as a defendant may waive post-conviction rights as part of a plea agreement. See McIntosh and Jackson, supra. Most importantly, Chaney did in fact exercise his post-conviction rights in this case. Accordingly, the undersigned recommends that Chaney's second ground for relief be denied.

**3.     Ground Three**

In his third ground for relief, Chaney argues that "newly discovered evidence," which he describes as a DVD from the Child Advocacy Center, a personal computer, and cameras contain exculpatory evidence and "would clear petitioner of all allegations" [Doc. 1 at 8] and provide him with the "Gateway Claim of actual innocence." [Doc. 11 at p. 7]

As previously discussed, Chaney pled guilty in open court and has failed to introduce any new evidence supporting his claim of actual innocence. In fact, at the plea hearing, Chaney agreed to the Prosecutor's statement concerning the evidence that would be presented at trial supporting his guilt, which is the same evidence that Chaney claims will clear him of the charges. The evidence Chaney identifies does not support he is actually innocent as it is the very evidence that confirmed his guilt. During the plea hearing, Chaney did not dispute the statements of the

victims gathered at the Child Advocacy Center, nor did he dispute his reported admissions to law enforcement officials that he committed various sexual crimes involving the victims. Respt's Ex. A at 26-27, 29-30, 31-35.

Accordingly, the undersigned recommends that Chaney's third ground for relief be denied.

E.   **Certificate of Appealability**

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. See 28 U.S.C. § 2253(c)(2); Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

In this case, Chaney has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his Petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, the undersigned recommends that no Certificate of Appealability be issued.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the Petition of Thomas Chaney for a Writ of Habeas Corpus under 28 U.S.C. § 2254 be **denied**.

**IT IS FURTHER RECOMMENDED** that no Certificate of Appealability be issued.

The parties are advised they have fourteen days in which to file written objections to this

Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

                                             /s/ Abbie Crites-Leoni
                                             ABBIE CRITES-LEONI
                                             UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of June, 2014.